**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO ZUNIGA, et al., <br><br>                    **Plaintiff,** <br><br> v. <br><br> AMERICAN HOME MORTGAGE, <br><br>                    **Defendant** <br><br> (In re Dassinger v. Wells Fargo Bank, N.A.) | Civ. No. 14-cv-2973 (KM) <br><br> **MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

**Introduction**

The plaintiffs, George W. Dassinger and Isabel Dassinger, bring this action against Wells Fargo Bank, N.A. The action was originally filed *en masse* on behalf of some 87 plaintiffs, against some 40 mortgage lenders and servicers. Through various proceedings not relevant here, many claims and parties were dismissed. The Dassingers were permitted to file an amended complaint stating their own claims. (ECF no. 67) On January 15, 2015, they filed an amended complaint. (ECF no. 76)

Now before the Court is the motion under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim filed by defendants Ocwen Loan Servicing, LLC ("OLS"), Homeward Residential, Inc. ("Homeward"), formerly known as American Home Mortgage Servicing, Inc. ("AHMSI"), and Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-1, Asset-Backed Certificates, Series 2007-1("Wells Fargo, as Trustee"). (ECF no. 98) (I will refer to these defendants collectively as the

1

"Mortgage Defendants.") Wells Fargo has also filed a motion to dismiss in its own right. (ECF no. 101)

Defendants originally did not respond, and Defendants requested that their motions be granted as unopposed. (ECF nos. 109, 110) The Dassingers, stating that they had not received notice of the motion, did then file a response. (ECF no. 113) I will accept that untimely response from these *pro se* plaintiffs.

**Standard on a motion to dismiss**

All Defendants have moved to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard

is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where a plaintiff, like the Dassingers here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

**The complaint**

The complaint (ECF no. 76) is short. It contains few facts, and it does not specify any cause of action, federal or state. The complaint alleges that plaintiffs own a home in Little Falls, NJ; that Wells Fargo as Trustee is the holder of a mortgage on the property; that the loan was previously serviced by AHMSI; and that it is currently serviced by OLS.

The complaint alleges that AHMSI and OLS were "extremely difficult to deal with," and faults AHMSI and OLS for failing to provide Plaintiffs with a loan modification sooner than they did. (The complaint acknowledges, however, that Plaintiffs did receive a loan modification from OLS in 2014, which "reduced [their] mortgage" and "locked in a low interest rate.")

The complaint alleges that plaintiffs' credit was ruined as a result of the higher interest rate (up to 9% adjustable) that applied before the modification.

The complaint alleges that the Mortgage Defendants subjected Plaintiffs to "mortgage manipulation" that was "seemingly controlled by" Wells Fargo as Trustee. The complaint states that plaintiffs believe their home to be

overvalued, and states that they "would like to pursue having our principal reduced to place in line with the current housing market."

As to Wells Fargo the complaint appears to allege failure to credit it for certain funds paid to plaintiffs' former attorneys. Apparently the plaintiffs paid the attorneys some $1500 from the Wells Fargo account. They discovered "fraud" (apparently, fraud on the part of the attorneys). The theory of the complaint appears to be that Wells Fargo was obligated to credit them because they paid $1500 to an attorney who committed fraud or was otherwise unsatisfactory.

The complaint seeks $200,000 in damages and a "credit rating adjustment" from the Mortgage Defendants.

**Analysis**

The motions to dismiss will be granted, albeit without prejudice to the submission within 30 days of a second amended complaint that remedies the deficiencies noted here. The complaint contains no counts. It identifies no cause of action. It states no theory of liability. It does not identify what law or rule the defendants' acts allegedly violated, or allege any common law tort or breach of contract. It does not specify which defendants performed which acts.

The complaint is fatally vague. It states that defendants were difficult to deal with and state that they engaged in "mortgage manipulation." No underlying facts are stated; no particular manipulative acts are identified; no resulting harm to plaintiffs is specified. There are no facts sufficiently specific to permit a defendant to understand what is being alleged, or to file an answer.

As to Wells Fargo in particular, the complaint does not articulate a cause of action. Plaintiffs' complaint seems to have be against the attorneys, but they fail to state why this required Wells Fargo to credit them for sums they paid to those attorneys from their account.

## CONCLUSION

I am sympathetic with *pro se* plaintiffs attempting to negotiate the technicalities of federal practice, and I have applied a very lenient standard to this complaint. I must nevertheless conclude that it fails to state facts which, if credited, would make out a recognizable claim.

I will therefore grant the defendants' motions to dismiss the amended complaint. That dismissal, however, is without prejudice to plaintiffs' submission, within 30 days, of a second amended complaint that meets the standards of Rule 8, Fed. R. Civ. P.

Dated: March 7, 2016

KEVIN MCNULTY
United States District Judge